IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIE C. RUSSO,

    Plaintiff,

v.     No. 1:22-cv-00263-KRS

STATE OF NEW MEXICO,

    Defendant.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for a Civil Case, Doc. 1, filed April 7, 2022.

This matter arises from foreclosure actions filed in state court in 2011 and 2016. Plaintiff seeks "reversal of the Summary Judgment" in state court, a declaratory judgment that her "U.S. and N.M. constitutional right[s] of due process were violated by the State of New Mexico," and damages pursuant to 42 U.S.C. § 1983. Complaint at 8.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

"With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity . . . [or a] state may . . . waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181.  Neither exception applies in this case.  "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing* Quern v. Jordan, 440 U.S. 332, 345 (1979)).  Second, Plaintiff does not allege in her Complaint that the State of New Mexico waived its Eleventh Amendment immunity.

The Court concludes that it lacks jurisdiction over this matter and orders Plaintiff to show cause why the Court should not dismiss this case.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").  If Plaintiff asserts that the Court has jurisdiction over this matter, Plaintiff shall also file an amended complaint alleging facts that support jurisdiction.

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss this case; and (ii) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**