IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIE C. RUSSO,

     Plaintiff,

v.                                                                      No. 1:22-cv-00263-WJ-KRS

WELLS FARGO BANK, N.A.,

     Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter arises from foreclosure actions filed in state court in 2011 and 2016 which resulted in summary judgment in favor of Wells Fargo Bank. Plaintiff, who is proceeding *pro se*, sought "reversal of the Summary Judgment" in state court, a declaratory judgment that her "U.S. and N.M. constitutional right[s] of due process were violated by the State of New Mexico," and damages pursuant to 42 U.S.C. § 1983. Complaint for a Civil Case at 8, Doc. 1, filed April 7, 2022. The State of New Mexico was the sole Defendant.

United States Magistrate Judge Kevin R. Sweazea notified Plaintiff that this case should be dismissed for lack of jurisdiction because Congress did not abrogate the State of New Mexico's Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983 and there are no allegations in the Complaint that the State of New Mexico waived its Eleventh Amendment immunity. *See* Order to Show Cause, Doc. 5, filed April 11, 2022. Judge Sweazea ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint alleging facts that support jurisdiction.

In her response to the Order to Show Cause, Plaintiff states: (i) The State of New Mexico is no longer a party to this lawsuit; (ii) Plaintiff added Wells Fargo as a defendant; (iii) Plaintiff's

claim pursuant to 42 U.S.C. § 1983 has been eliminated; (iv) Plaintiff seeks a declaration that "the State violated my due process rights;" (v) "The issue of due process under the XIVth Amendment of the U.S. Constitution creates this Court's jurisdictional authority over this case;" and (vi) The Court has jurisdiction because she filed her claim before her appeal of the state court case has been resolved (quoting *Guttman v. Khalsa*, 446 F.3d 1027, 1129 (10th Cir. 2006) and *D,A,Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013)).  Doc. 8, filed April 20, 2022.  Plaintiff quoted *Guttman* and *D.A. Osguthorpe* as follows:

> A State district court issued a summary judgment in favor of [Wells Fargo].  A timely appeal ensued and the appellate process was not ended as of the filing of this present case.  "Under Exxon Mobil [*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 282 (2005)], it is clear that the district court does have subject matter jurisdiction to hear the case because, although Guttman filed his claim after it was resolved by a New Mexico court, it was filed before the end of the state court's appeal process."  *Guttman v. Khalsa*, 446 F.3d 1027, 1129 (10th Cir. 2006).  "That state-court appeal remains unresolved, and on that basis alone we may conclude that the Utah state-court proceedings have not yet ended."  *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013).  At this time the State's Supreme Court has not reached a final determination as to how it will respond to my request for a rehearing in the appeals process.

Response at 2, ¶ 5.

The Amended Complaint states the following as the basis for jurisdiction: "This suit is brought pursuant to 28 U.S. Sec. 1331 [federal question jurisdiction] because the State of New Mexico's judiciary ('State') violated my constitutional right of due process pursuant to the U.S. Constitution, 14th Amendment, Sec. 1."  Amended Complaint at 1, ¶ 3, Doc. 6, filed April 20, 2022. Plaintiff seeks declaratory judgments that: (i) "the state violated my due process rights by denying me a fair adjudication process;" (ii) her state-court cases "should have been entered in my favor had my due process rights not have been violated [and Wells Fargo] was not entitled to summary judgment in either case;" and (iii) "the Summary Judgment issued in the 2016 Case was invalid, that the 2016 Case lacked authority to adjudicate my dispute with [Wells Fargo], and, if

the 2016 Case had authority to adjudicate my dispute, in spite of the [order dismissing 2011 case], judgment should have issued in my favor in accordance with the laws of the State." Amended Complaint at 15-17. Plaintiff seeks only declaratory judgments; she does not assert claims against or seek damages from Wells Fargo.

The Declaratory Judgment Act, 28 U.S.C. § 2201, "allow[s] prospective defendants to sue to establish their nonliability." *Beacon Theatres, Inc. v. Westover*, 359 US 500, 504 (1959).

> District courts have original federal question jurisdiction over complaints that contain a claim that arises under federal law. In actions for declaratory judgment, however, the position of the parties is often reversed: the plaintiff asserts a defense to an anticipated action by the declaratory judgment defendant. It is the character of the impending action, not the plaintiff's defense, that determines whether there is federal question jurisdiction. Thus, federal question jurisdiction exists in a declaratory judgment action if the potential suit by the declaratory judgment defendant would arise under federal law.

*Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996).

The Amended Complaint does not allege facts supporting jurisdiction. Neither Plaintiff's Response nor the Amended Complaint describe the potential suit by Wells Fargo for which she desires to establish nonliability. The Amended Complaint contains no allegations that a potential suit by Defendant Wells Fargo would arise under federal law. The only basis for jurisdiction that she provides is the alleged due process violations committed by the state court. There are no allegations that Wells Fargo violated Plaintiff's due process rights. Plaintiff's defense of due process violations during the state-court proceedings is not relevant to the determination of jurisdiction in this declaratory judgment action.

Plaintiff's reliance on *Guttman* and *D.A. Osguthorpe* to support her argument that the Court has jurisdiction over this case because she filed this case before her state-court appeal was resolved is without merit. *Guttman* and *D.A. Osguthorpe* concerned whether the *Younger* abstention

3

doctrine[1] and the *Rooker-Feldman* doctrine[2] barred claims filed in federal court before the state-court proceedings were resolved and a district court's obligation to hear those cases. *See D.A. Osguthorpe*, 705 F.3d at 1233 ("As a general rule, the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction....") (quoting *Colorado River,* 424 U.S. at 817). "[B]ecause of the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' the Supreme Court has repeatedly cautioned that '[a]bstention from the exercise of federal jurisdiction is the exception, not the rule.'" *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F3d 660, 668 (10th Cir. 2020) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 817 (1976)).

The Amended Complaint does not assert claims against the State of New Mexico or Wells Fargo which would require the Court to meet its obligation to exercise jurisdiction; the Amended Complaint seeks only declaratory judgments.

> Whether a district court has discretion to entertain a suit for declaratory judgment does not depend solely on the jurisdictional basis of the suit. As the Supreme Court stated in *Wilton,* "district courts possess discretion in determining whether ... to entertain an action under the Declaratory Judgment Act, *even when the suit otherwise satisfies subject matter jurisdictional prerequisites.*" 515 U.S. at 282, 115 S.Ct. 2137 (emphasis added). This is because the Declaratory Judgment Act itself

---

[1] The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).

[2] The *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019).

>is "an enabling Act, which confers a discretion on the courts," regardless of the jurisdictional bases upon which the suit is brought. *Id.* at 287, 115 S.Ct. 2137 (quotation omitted).

*United States v. City of Las Cruces*, 289 F.3d 1170, 1180-81 (10th Cir. 2002) (emphasis in original); 28 U.S.C. § 2201(a) (Declaratory Judgment Act states district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration") (emphasis added). In determining whether to accept jurisdiction in a declaratory judgment action, the Court should ask:

>[1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata* "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

Plaintiff has not shown that the Court should exercise its discretion and entertain Plaintiff's requests for declaratory judgments. It appears that Plaintiff seeks the declaratory judgments for the purpose of getting a judgment regarding the state-court proceedings before the state-court appellate process concludes. Entering declaratory judgments would encroach on the State of New Mexico's jurisdiction over the foreclosure proceedings in state court. The appellate courts of the State of New Mexico, which are well-versed in the procedural process due to litigants in state court, provide a better and more effective remedy for addressing Plaintiff's due process concerns.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that

it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims.").

Because it is dismissing this case, the Court denies Plaintiff's pending Motion for Default Judgment as moot.

    **IT IS ORDERED** that:

    (i)    This case is **DISMISSED without prejudice.**

    (ii)    Plaintiff's Motion for Default Judgment, Doc. 12, filed July 11, 2022, is **DENIED.**

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**