IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIE C. RUSSO,

    Plaintiff,

v.                                                                            No. 1:22-cv-00263-WJ-KRS

WELLS FARGO BANK, N.A.,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO AMEND JUDGMENT

    This matter arises from foreclosure actions filed in state court in 2011 and 2016 which resulted in summary judgment in favor of Wells Fargo Bank. Plaintiff, who is proceeding *pro se*, initiated this action against the State of New Mexico asserting that the state court violated her due process rights. *See* Complaint for a Civil Case at 8, Doc. 1, filed April 7, 2022.

    United States Magistrate Judge Kevin R. Sweazea notified Plaintiff that this case should be dismissed for lack of jurisdiction due to the State of New Mexico's Eleventh Amendment immunity and ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint alleging facts that support jurisdiction. *See* Order to Show Cause, Doc. 5, filed April 11, 2022.

    Plaintiff's Amended Complaint removed the State of New Mexico as a defendant, added Wells Fargo as a defendant, and sought declaratory judgments related to her allegations of due process violations in state court. *See* Amended Complaint, Doc. 6, filed April 20, 2022. The Amended Complaint sought only declaratory judgments; it did not assert claims against or seek damages from Wells Fargo. *See* Doc. 6, filed April 20, 2022.

The undersigned notified Plaintiff that the Amended Complaint does not allege facts supporting jurisdiction because: (i) It does not contain any allegations that a potential suit by Defendant Wells Fargo would arise under federal law; and (ii) The only basis for jurisdiction that she provides is the alleged due process violations committed by the state court and there are no allegations that Wells Fargo violated Plaintiff's due process rights. *See* Mem. Op. and Order of Dismissal at 3-4, Doc. 15, filed July 26, 2022 ("Opinion"). The undersigned also notified Plaintiff that the Amended Complaint does not assert claims against the State of New Mexico or Wells Fargo which would require the Court to meet its obligation to exercise jurisdiction; the Amended Complaint seeks only declaratory judgments. *See* Opinion at 4-5 (quoting *United States v. City of Las Cruces*, 289 F.3d 1170, 1180-81 (10th Cir. 2002)) ("As the Supreme Court stated in *Wilton,* 'district courts possess discretion in determining whether ... to entertain an action under the Declaratory Judgment Act, *even when the suit otherwise satisfies subject matter jurisdictional prerequisites.*' 515 U.S. at 282, 115 S.Ct. 2137 (emphasis added). This is because the Declaratory Judgment Act itself is 'an enabling Act, which confers a discretion on the courts,' regardless of the jurisdictional bases upon which the suit is brought. *Id.* at 287, 115 S.Ct. 2137 (quotation omitted)") (emphasis in original); 28 U.S.C. § 2201(a) (Declaratory Judgment Act states district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration") (emphasis added).

The Court dismissed this case without prejudice for lack of subject-matter jurisdiction after stating:

> In determining whether to accept jurisdiction in a declaratory judgment action, the Court should ask:
>
> > [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used

> merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata* "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

> Plaintiff has not shown that the Court should exercise its discretion and entertain Plaintiff's requests for declaratory judgments. It appears that Plaintiff seeks the declaratory judgments for the purpose of getting a judgment regarding the state-court proceedings before the state-court appellate process concludes. Entering declaratory judgments would encroach on the State of New Mexico's jurisdiction over the foreclosure proceedings in state court. The appellate courts of the State of New Mexico, which are well-versed in the procedural process due to litigants in state court, provide a better and more effective remedy for addressing Plaintiff's due process concerns.

Opinion at 5. The Court entered its Rule 58 Judgment on July 26, 2022.

Plaintiff now asks the Court to amend its Opinion and Rule 58 Judgment on the following grounds:

(i) "The Opinion Order does not find that my claim of violated constitutional due process is absolutely devoid of merit or frivolous ...Notice pleading ... does not require that every fact and detail supportive of my claim be set forth with specificity."

(ii) "My need for protection and relief respecting my right to due process establishes this Court's jurisdiction pursuant to 28 U.S.C. Sec. 1331."

(iii) "The Opinion Order mistakenly reads Count I of my Amended Complaint as an anticipatory defense. Count I is unequivocally an assertion that my constitutional right to due process respecting my rights and property have been and are in the process of being violated."

3

(iv)  "The State of New Mexico has not addressed the violation of my constitutional right to due process as a result of my having been subjected to an unfair adversarial process in" State court.

(v)   "Declaratory relief is available to a party even if the party seeks no more than the requested declaratory judgment. ... My having sought only declaratory relief is not grounds for dismissal of this lawsuit."

Motion at 1-4.

The Court construes Plaintiff's Motion as a Rule 59(e) motion because it was filed within 28 days of entry of, and questions the correctness of, the Opinion and Rule 58 Judgment:

> No matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment. *Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992). Rule 59(e) relief is available in limited circumstances, including "(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

*Hayes Family Trust v. State Farm Fire & Casualty Co.*, 845 F.3d 997, 1004 (10th Cir. 2017); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment").

The Court denies Plaintiff's Motion to amend the Court's Opinion and Rule 58 Judgment. Plaintiff does not argue that there has been an intervening change in the controlling law or that there is new evidence previously unavailable. Plaintiff fails to show that the Court's Opinion is erroneous. She seeks only declaratory relief and has not shown that the Court abused its discretion in declining to entertain her requests for declaratory relief.

Plaintiff also filed a Motion to Reopen the case stating she received notice that this case was closed, she is uncertain "as to how these procedures work," and that she filed the Motion to

4

Reopen "if that is necessary to obtaining a determination of my Motion to Amend."  Motion to Open Case, Doc. 18, filed September 22, 2022 ("Motion to Reopen").  The Court, having denied Plaintiff's Motion to Amend, denies Plaintiff's Motion to Reopen as moot.

**IT IS ORDERED** that:

(i)  Plaintiff's Motion to Amend Judgment and Memorandum Opinion and Order of Dismissal, Doc. 17, August 18, 2022, is **DENIED.**

(ii)  Plaintiff's Motion to Open Case, Doc. 18, filed September 22, 2022, is **DENIED.**

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**